UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ISRAEL CARBALLEA, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case Nos. 1:03-cr-207 / 1:10-cv-48<br>Judge Edgar |

**MEMORANDUM AND ORDER**

Federal prisoner Israel Carballea moves pursuant to 28 U.S.C. § 2255 for post-conviction relief . [Court Doc. No. 436]. Respondent United States of America opposes the motion.

After reviewing the record, the Court concludes that the § 2255 motion will be **DENIED**. The motion is time-barred by the statute of limitations in 28 U.S.C. § 2255(f). Moreover, the § 2255 motion is without merit. Because there are no material issues of fact in dispute and the record conclusively shows that Carballea is not entitled to any relief under 28 U.S.C. § 2255, there is no need for an evidentiary hearing. His requests for an evidentiary hearing and appointment of counsel will be denied.

**I.    Facts and Procedural History**

Carballea pleaded guilty to Count One of the second superseding indictment, conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846, and Count Two, money laundering in violation of 18 U.S.C. § 1956(h). On February 14, 2005, this Court sentenced Carballea to be imprisoned for a total term of 195 months. This sentence consists of 195 months imprisonment on Count One and 195 months imprisonment on Count Two, to be served

1

concurrently. This Court gave Carballea a substantial break by sentencing him to 195 months imprisonment which is below the applicable guideline range of 235 - 293 months. [Memorandum Opinion on February 15, 2005, Court Doc. No. 359]. The final judgment of conviction was entered on February 15, 2005. [Court Doc. No. 358].

Carballea, together with three co-defendants, took a direct appeal from the judgment of conviction and sentence to the Sixth Circuit Court of Appeals. On August 24, 2006, the Sixth Circuit affirmed the judgment of conviction and sentence, and dismissed the appeal. *United States v. Fonseca*, 193 Fed. Appx. 483 (2006). Carballea did not file a petition for writ of certiorari in the United States Supreme Court.

On April 16, 2008, the United States Supreme Court rendered its opinion in *Begay v. United States*, 553 U.S. 137 (2008). On March 10, 2010, Carballea filed his motion in this Court seeking post-conviction relief under 28 U.S.C. § 2255 relief based on *Begay*.

## II. Claim for Relief Under 28 U.S.C. § 2255

In his § 2255 motion, Carballea asserts one claim or ground for relief:

> WHETHER PETITIONER IS ACTUALLY INNOCENT OF HAVING BEEN SENTENCED FOR "CRIMES OF VIOLENCE" IN LIGHT OF THE SUPREME COURT'S STATUTORY INTERPRETATION UNDER BEGAY?
>
> Petitioner was assessed 2 Criminal History Points during the sentencing proceedings, for two prior state Driving Under the Influence (DUI) convictions as "crimes of violence," pursuant to U.S.S.G. § 4A1.1(f). See PSR. Thus, absent the 2 Criminal History points assessed above, Petitioner would have been sentenced in Criminal History Category I, to 168 months imprisonment in the event that the District Court maintained its same position and imposed a non-guidelines sentence for the same specific reasons as previously determined. See Court Memo.
>
> Thus, Petitioner is actually innocent of having been sentenced for "crimes of violence" for the prior convictions of DUI and should be entitled to relief.

[Court Doc. No. 436, p. 4]. Carballea contends that when this Court calculated his sentencing guideline range and imposed the sentence on February 15, 2005, he was incorrectly assessed criminal history points for two prior DUI convictions in contradiction to the Supreme Court's subsequent opinion in *Begay*, 553 U.S. 137.

With regard to the issue whether his § 2255 motion is time-barred by the statute of limitations in 28 U.S.C. § 2255(f), Carballea states:

> Pursuant to 28 U.S.C. § 2255(f)(3), I believe that the motion should be deemed timely. Because Begay v. United States, 553 U.S. __, 128 S.Ct. 1581 (2008) recognized a statutory "right" rather than a "new rule of constitutional law." In other words, unlike § 2255(h)(2), which relates to second or successive motions, subsection (f)(3) does not require that the newly recognized right be a "new rule of constitutional law," which requires a Teague showing, and a newly recognized statutory right would qualify under this subsection. See United States v. Lopez, 248 F.3d 427, 430-31 (5th Cir. 2001) (finding that the definition of "right" contained in § 2255(f)(3) includes newly recognized statutory rights). Additionally, this is my first § 2255 filing.

[Court Doc. No. 436, p. 12].

Carballea demands that he be resentenced under Criminal History Category I. He further requests that this Court maintain its same position of leniency and impose a sentence of imprisonment of 168 months, which would be downward departure below the minimum guideline range, for the reasons previously expressed by the Court in its memorandum opinion [Court Doc. No. 359] entered on February 15, 2005.

### III. Analysis

#### A. Motion Time-Barred by Statute of Limitations

It is unnecessary to reach the question whether *Begay* is retroactive for purposes of motions by federal prisoners for collateral post-conviction relief under § 2255. Without deciding whether

3

*Begay* is retroactive, the Court concludes that Carballea's motion is time-barred by one-year statute of limitations in 28 U.S.C. § 2255(f).

28 U.S.C. § Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final:
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Carballea contends that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3). Carballea argues that his sentence of imprisonment was improperly enhanced based on his DUI convictions being treated as "crimes of violence" which is no longer valid in the wake of *Begay*, 553 U.S. 137. This argument fails.

The Supreme Court rendered its opinion in *Begay* on April 16, 2008. Utilizing Carballea's theory of the case, April 16, 2008 is the operative date when the one-year statute of limitations in 28 U.S.C. § 2255(f)(3) commenced to run. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). To the extent that Carballea seeks to invoke § 2255(f)(3) and rely on *Begay* as recognizing a new retroactive rule or "statutory right," Carballea was required to at least file his § 2255 motion within one year from April 16, 2008. Assuming *arguendo* that § 2255(f)(3) is applicable, the deadline for Carballea to file his § 2255 motion was April 16, 2009.

4

Carballea failed to file his § 2255 motion by the deadline of April 16, 2009. Carballea filed his § 2255 motion on March 10, 2010, almost 11 months after the April 16, 2009 deadline. Consequently, his § 2255 motion is time-barred by the statute of limitations under § 2255(f)(3). *Cf. Thomas v. United States*, 2011 WL 167267 (E.D. Tenn. Jan. 19, 2011); *Jackson v. United States*, 2011 WL 144913, * 3 n. 4 (E.D. Tenn. Jan. 18, 2011).

### B. Equitable Tolling

The statute of limitations in 28 U.S.C. § 2255(f) is not a jurisdictional bar and it is subject to equitable tolling under extraordinary circumstances. *Reed v. United States*, 13 Fed. Appx. 311, 312 (6th Cir. 2001); *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Carballea bears the burden of demonstrating that he is entitled to equitable tolling. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. 2005) (per curiam); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson*, 624 F.3d at 784; *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09.

This Court concludes that Carballea has not met his burden of showing that he is entitled to equitable tolling of the statute of limitations under either traditional equitable tolling principles or the actual innocence equitable tolling doctrine.

### 1. Traditional Equitable Tolling

The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a mandated deadline unavoidably arose from circumstances beyond

5

his control. *Hall*, 662 F.3d at 749; *Robertson*, 624 F.3d at 783; *McSwain v. Davis,* 287 Fed. Appx. 450, 456 (6th Cir. 2008); *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). To obtain equitable tolling Carballea is required to establish that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance beyond his control stood in his way which prevented him from timely filing his § 2255 motion predicated on *Begay* by the deadline of April 16, 2009. *Holland*, 130 S.Ct. at 2562; *Lawrence v. Florida*, 549 U.S. 327, 335-36 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Hall*, 662 F.3d at 749-50; *Robertson*, 624 F.3d at 784.

Carballea has not met his burden of showing these two essential factors. Carballea has failed to demonstrate that, after the Supreme Court's decision in *Begay* on April 16, 2008, he diligently pursued his rights and some extraordinary circumstance beyond his control stood in his way which prevented him from timely filing his motion under 28 U.S.C. § 2255 by the deadline of April 16, 2009. Through the reasonable exercise of due diligence, Carballea could have filed his § 2255 motion on or before the deadline of April 16, 2009.

Although Carballea is proceeding *pro se* and is untrained in the law, this circumstance does not warrant equitable tolling. Ignorance of the law, even for incarcerated *pro se* habeas petitioners, generally does not excuse the late filing of habeas petitions and does not justify equitable tolling of the statute of limitations. *Allen,* 366 F3d at 403-04; *Craig v. White,* 227 Fed. Appx. 480, 482 (6th Cir. 2007); *Harvey v. Jones,* 179 Fed. Appx. 294, 299-300 (6th Cir. 2006); *Jagodka*, 148 Fed. Appx. at 347; *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003).

2. **Doctrine of Actual Innocence Equitable Tolling**

Carballea asserts that he is actually innocent of having been sentenced based on "crimes of violence" for the two prior DUI convictions. This actual innocence claim fails.

In determining whether equitable tolling of the statute of limitations is warranted based on a claim of actual innocence, the key question to be resolved is whether Carballea is actually innocent of the two federal crimes for which he now stands convicted, namely conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846, and money laundering in violation of 18 U.S.C. § 1956(h). The issue of actual innocence equitable tolling focuses on the these two federal criminal offenses that form the basis for his judgment of conviction. For purposes of analysis under the actual innocence equitable tolling doctrine, it is immaterial whether his two prior DUI convictions were utilized to calculate his criminal history and sentencing guideline range under the United States Sentencing Guidelines.

The statute of limitations in 28 U.S.C. § 2255(f) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain,* 287 Fed. Appx. 450, 458-59 (6th Cir. 2008); *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431-32 (6th Cir. 2007); *Harvey,* 179 Fed. Appx. at 297-98; *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Connolly*, 304 Fed. Appx. at 417; *Harvey,* 179 Fed. Appx. at 299; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence, Carballea is required to support his claim of federal constitutional error with new reliable evidence – exculpatory scientific evidence,

7

trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his conviction and sentencing. *Schlup*, 513 U.S. at 324; *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590. Without new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Schlup*, 513 U.S. at 316; *Connolly*, 304 Fed. Appx. at 417; *Nelloms v. Jackson,* 129 Fed. Appx. 933, 937 (6th Cir. 2005). The actual innocence equitable tolling exception is rare and may only be applied in extraordinary cases involving factual innocence. *Schlup*, 513 U.S. at 321; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590.

If a habeas petitioner is able to present new reliable, exculpatory evidence to support a credible claim of actual innocence based on the facts, the Court must consider all of the old and new evidence, both incriminating and exculpatory evidence, without regard to whether it would necessarily be admissible under the rules of evidence that would govern at a trial but with due regard to any unreliability of it. Based on the total record of old and new reliable evidence, the Court must determine what an objectively reasonable and properly instructed jury would probably decide at trial. The habeas petitioner's burden at this gateway stage is to demonstrate that in light of the new reliable evidence and facts, it is more likely than not that no reasonable jury would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup*, 513 U.S. at 327; *Connolly*, 304 Fed. Appx. at 417; *Ross v. Berghuis,* 417 Fed. Appx. 552, 556 (6th Cir. 2005); *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590, 598-99.

The Court finds that Carballea has not met his burden of showing that he has a credible

8

claim of actual innocence. Carballea has not presented any new reliable evidence and facts that raise a sufficient doubt about his guilt to undermine confidence in the outcome of the criminal proceeding. *Schlup*, 513 U.S. at 317; *Souter*, 395 F.3d at 590. Carballea is not entitled to equitable tolling of the statute of limitations because he does not have a credible claim of actual (factual) innocence based on any new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his conviction and sentencing. Carballea cannot obtain actual innocence equitable tolling without submitting new reliable evidence showing that he is factually innocent on the two federal criminal offenses.

Carballea does not offer any new reliable evidence showing that he did not in fact commit the criminal acts for which he stands convicted. Carballea merely contends that there was an error of law in calculating his criminal history and sentence guideline range. Where a habeas petitioner asserts claims based on alleged errors of law, the actual innocence equitable tolling doctrine does not apply. *Craig v. White,* 227 Fed. Appx. 480, 481 (6th Cir. 2007); *Harvey,* 179 Fed. Appx. 298-99; *Ross,* 417 Fed. Appx. at 555; *Cable v. Woods*, 2010 WL 502722, * 4 (W.D. Mich. Feb. 5, 2010). In sum, Carballea's claim that his criminal history and sentence were improperly enhanced for "crimes of violence" which is no longer valid in the wake of *Begay* does not fit within the actual innocence equitable tolling doctrine.

### C. Miscarriage of Justice Exception and Actual Innocence

Next, Carballea argues that he is entitled to relief under 28 U.S.C. § 2255 on the theory that there was a fundamental defect in the criminal proceeding which resulted in a miscarriage of justice. Carballea contends that his § 2255 motion should not be dismissed as time-barred by the statute of

limitations because it is necessary for the Court to grant him relief to prevent a fundamental miscarriage of justice. Thus, Carballea seeks to avoid and circumvent the statute of limitations in 28 U.S.C. § 2255(f) based on a miscarriage of justice exception.

The Court rejects this argument. Carballea misunderstands the narrow scope of the miscarriage of justice exception. It is not applicable in the present case because Carballea does not have a credible claim of actual innocence.

The term "miscarriage of justice" refers to the conviction of an actually (factually) innocent person, as compared to a person who merely claims legal innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Schlup*, 513 U.S. at 316; *Sawyer v. Whitley*, 505 U.S. 333 (1992); *Murray v. Carrier*, 477 U.S. 478 (1986); *Beach v. Moore*, 343 Fed. Appx. 7, 12-13 n. 4 (6th Cir. 2009); *Robinson v. Mackie*, 2011 WL 6090805, ** 5-6 (W.D. Mich. Dec. 6, 2011); *Cable*, 2010 WL 502722 at * 5. Under the miscarriage of justice exception, the Court may consider an otherwise defaulted or time-barred habeas claim if the habeas petitioner submits new reliable evidence showing that a federal constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 326-30; *Jells v. Mitchell*, 538 F.3d 478, 489 (6th Cir. 2008); *Robinson*, 2011 WL 6090805, at * 5; *Cable*, 2010 WL 502722 at * 5.

In this 28 U.S.C. § 2255 proceeding, the only way for Carballea to establish a miscarriage of justice and obtain equitable tolling of the statute of limitations is to make out a credible claim of actual innocence based on new reliable evidence which he has failed to do. Because Carballea does not have a credible claim of actual (factual) innocence based on new reliable evidence, he

cannot invoke the *Schlup* miscarriage of justice exception. *Robinson*, 2011 WL 6090805, at * 6; *Cable*, 2010 WL 502722 at * 5. Without a credible claim of actual innocence, the dismissal of Carballea 's § 2255 motion on the ground that it is time-barred by the statute of limitations does not result in a miscarriage of justice. *Owens v. Stine*, 27 Fed. Appx. 351, 353-54 (6th Cir. 2001); *Saylor v. Mack*, 27 Fed. Appx. 321, 323 (6th Cir. 2001); *Duffy v. Collins*, 230 F 3d 1358 (Table, text in 2000 WL 1477226, * 2 (6th Cir. Sept. 25, 2000)); *Robinson*, 2011 WL 6090805, at * 6; *Cable*, 2010 WL 502722 at * 5.

This District Court follows the Sixth Circuit's opinion in *Nelloms,* 129 Fed. Appx. at 936-37, and declines in prisoner habeas cases to expand the definition of what constitutes a miscarriage of justice beyond the narrow actual innocence exception based on new reliable evidence carved out by the Supreme Court in *Schlup*, 513 U.S. at 316, 322. *See Robinson*, 2011 WL 6090805, at * 6; *Cable*, 2010 WL 502722 at * 5.

### D. **Motion Without Merit**

Furthermore, even if we assume *arguendo* that Carballea's § 2255 motion is not time-barred by the statute of limitations and that *Begay* is retroactive, the motion must be dismissed on the alternative ground that it is without merit.

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack. As a threshold standard to post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence

was imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Carballea bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To warrant relief under § 2255 based on an alleged non-constitutional error (calculation of criminal history points during sentencing based on two prior DUI convictions), Carballea must establish that there is a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

The Court finds that Carballea has not met his burden of showing that he is entitled to any relief under § 2255. Carballea has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. He also has not established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation

of his federal constitutional right to due process of law.

Carballea claims that his sentence of imprisonment was improperly enhanced because *Begay* invalidates his two prior DUI convictions being considered as "crimes of violence" when calculating his criminal history and sentencing guideline range. Carballea contends that he was incorrectly assessed criminal history points for his two prior DUI convictions in contradiction to *Begay*.

This argument fails. Carballea misapplies the holding in *Begay* to his case. *Begay,* 553 U.S. 137, is not applicable to Carballea's case. In *Begay* the Supreme Court held that the New Mexico state felony offense of driving under the influence of alcohol (DUI) is not a "violent felony" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which imposes a special mandatory 15-year term of imprisonment upon felons who unlawfully possess a firearm and who have three or more prior convictions for violent felonies.

Carballea's case is readily distinguishable from *Begay*. Unlike the situation in *Begay*, Carballea only received criminal history points for his two prior DUI convictions. His prior DUI convictions were not used or considered by this Court as predicates for armed career criminal or career criminal status during sentencing. Carballea was correctly assessed criminal history points for his two prior DUI convictions. His sentence was not enhanced under either the Armed Career Criminal statute, 18 U.S.C. § 924(e), or the Career Offender sentencing guideline, U.S.S.G. § 4B1.1. *Begay* is inapposite here and cannot serve as a basis for granting any post-conviction relief to Carballea under 28 U.S.C. § 2255.

## IV.    Conclusion

The motion by federal prisoner Israel Carballea for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court Doc. No. 436] shall be **DENIED and DISMISSED WITH PREJUDICE**.

His requests for an evidentiary hearing and appointment of counsel are **DENIED**. A separate judgment will be entered.

    SO ORDERED.

    ENTERED: January 12, 2012.

                                   */s/ R. Allan Edgar*
                                       R. ALLAN EDGAR
                              UNITED STATES DISTRICT JUDGE